**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>   Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO.,<br><br>   Defendant. | Civil Action No. 6:21-cv-596<br><br>JURY TRIAL DEMANDED |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER
VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

**Page**

| | | |
|---|---|---|
| I. | HPE WAS MORE THAN DILIGENT IN VENUE DISCOVERY. | 1 |
| II. | THE EASE OF ACCESS TO SOURCES OF PROOF STRONGLY FAVORS TRANSFER. | 2 |
| III. | THE AVAILABILITY OF COMPULSORY PROCESS STRONGLY FAVORS TRANSFER. | 3 |
| IV. | THE COST OF ATTENDANCE FOR WILLING WITNESSES STRONGLY FAVORS TRANSFER. | 3 |
| V. | THE "ALL OTHER PRACTICAL CONSIDERATIONS" FACTOR IS NEUTRAL. | 5 |
| VI. | THE PUBLIC INTEREST FACTORS FAVOR TRANSFER OR ARE NEUTRAL. | 5 |

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1* | Documents Identifying Inventor Whereabouts |
| 2* | Sworn declaration by HPE employee Tom Olson |
| 3* | Copy of the web page http://h41112.www4.hpe.com/financial-services/solutions/virtual-tour-andover.html as accessed on December 21, 2021 |
| 4* | Redacted HPE internal network page for its Andover, Massachusetts location. |
| 5 | 2022.02.08 Plaintiff's Initial Disclosures |
| 6 | 2022.03.21 HPE's Fifth Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories Relating to Venue (4th Supp. Response to Rog No. 2) (HIGHLY CONFIDENTIAL – AEO) |
| 7 | 2022.03.17 Plaintiff's Response to First Set of Interrogatories Concerning Venue |
| 8 | 2022.04.21 LinkedIn profiles |
| 9 | HPE_IV-226_0151135 (excerpt) (SimpliVity Corporation) |
| 10 | HPE and SimpliVity Employees – MA – LinkedIn Search |
| 11 | Comparison of Active Patent Cases – WDTX and DMA (4-21-2022) |
| 12 | HPE Andover Facility |
| 13 | LinkedIn Profiles of SimpliVity Data Path Employees |

\* Included in HP's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

IV's opposition to HPE's motion to transfer ignores binding legal authority and mischaracterizes the facts that mandate transfer to the District of Massachusetts. IV tries to muddy the waters by attaching to its opposition a list of current and former HPE employees in Texas who, according to IV's attorney speculation, are relevant to the accused SimpliVity solution. IV argues HPE was not "diligent" in venue discovery because it did not identify many of those employees, but the opposite is true—HPE did not discover these employees precisely because they are highly unlikely to have any relevant or unique information and are even less likely to be witnesses. IV also relies heavily on purported witnesses and other evidence in Houston, which do not and cannot bear on the propriety of venue in this District. In short, the extensive venue discovery record confirms that HPE's most knowledgeable US-based technical witnesses are in Massachusetts, and none are in Texas. Coupled with IV's concession that one of the inventors and all of IV's documents are located in Massachusetts, the District of Massachusetts is clearly the more convenient venue.

**I.      HPE Was More Than Diligent In Venue Discovery.**

IV tries to disparage HPE's investigation during venue discovery, but HPE conducted an extensive, time consuming and thorough investigation to identify HPE employees in Texas who work on or had worked on SimpliVity. HPE's investigation included contacting more than 60 HPE employees, conducting telephone interviews with more than 27 HPE employees, and producing three employees for depositions, among many other things. To identify the 60-plus employees, HPE manually reviewed its Human Resources records and the list of employees who have or had access to the user-restricted database containing SimpliVity technical specifications. Because HPE's Human Resources records do not track which employees worked on SimpliVity, HPE also searched LinkedIn for Texas-based employees with the "SimpliVity" keyword on their public profiles. Despite spending more than 50 company hours on these efforts, HPE was unable

1

to identify every Texas-based employee who has ever purported to work with SimpliVity as that information is simply not tracked. However, of the 45 additional people that IV identified, 41 are not located in this District, and not one of them is expected to be a witness in this case. IV's aspersions against HPE's good-faith and diligent discovery efforts are just that—aspersions.

**II.     The Ease Of Access To Sources Of Proof Strongly Favors Transfer.**

IV's claim that "all the sources of proof are either in Texas or are clearly more convenient to Texas" is contrary to the facts. HPE's US-based sources of proof are in Massachusetts, and <u>so are IV's</u>. As IV concedes, its "documents, electronically stored information, and/or tangible things" are "located at Prince Lobel Tye LLP [in] Boston, MA." Ex. 5 at 3. The Court considers the location of plaintiff IV's sources of proof in the transfer analysis, too. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). IV also disregards the Court's precedent, which states that "[i]n determining the ease of access to sources of proof the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017). Thus, this factor favors transfer because SimpliVity was designed, developed, and tested in Massachusetts. And although IV notes HPE closed the former SimpliVity facility in Westborough, Massachusetts, IV ignores that HPE employs hundreds of workers in its Andover, Massachusetts facility, including the employees who are most knowledgeable about SimpliVity. That is why paper and local copies of HPE technical documents, to the extent they exist, would be in Massachusetts. Ex. 2 (Olson Decl.) ¶ 8.

Lacking any viable challenge on this factor, IV focuses on irrelevant sources of proof in Houston, <u>outside this District</u>. *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."). The only documents

known to be in this District are electronic "financial tools and sales information" hosted on third-party servers and accessed by an employee in Mexico (Ex. 6 at 26), which does not outweigh the substantial sources of proof in Massachusetts.

### III. The Availability Of Compulsory Process Strongly Favors Transfer.

This District does not have subpoena power over any known third-party witnesses. In contrast, as IV admits, the District of Massachusetts has subpoena power over one of two living inventors, and the other is not in Texas. Opp. at 5. IV wrongly claims that the inventor's testimony "will not be required" (*see id.*), but that claim has no basis in fact or in law. HPE is entitled to question at trial any inventor whose testimony can be obtained by subpoena.

IV attaches a laundry list of former HPE employees to claim this District has subpoena power over a greater number of third-party witnesses. Opp. at 9-11. IV offers no proof that any of these former employees have knowledge relevant to this case—if it had any, it should have identified them in response to HPE's venue interrogatories—and none of them are remotely likely to testify at trial. Ex. 7. Further, the vast majority are in Houston, which is outside the Court's absolute subpoena power. In short, IV's selective use of LinkedIn is not persuasive.[1] *In re Hulu*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021).

### IV. The Cost Of Attendance For Willing Witnesses Strongly Favors Transfer.

IV identifies 54 HPE employees who supposedly have "actual knowledge" about the SimpliVity solution (Opp. at 9), but the test is not how many people might have knowledge, but

---

[1] Indeed, HPE's counsel performed a similar search of LinkedIn for former SimpliVity employees in Massachusetts that resulted in 481 individual profiles, comprising current HPE employees and former HPE or SimpliVity employees. Of those, eleven former employee profiles reference engineering work on the accused SimpliVity data path or control plane. Ex. 8. IV also ignores HPE's own documents, which are more relevant and reliable. *E.g.*, Ex. 9, HPE_IV-226_0151135 at 3018 (identifying five SimpliVity engineers with knowledge specific to the data path, two current and three former employees, all of whom are in Massachusetts); Ex. 13.

rather who are the likely witnesses at trial. *See WSOU Invs. LLC v. Arista Networks, Inc.*, No. W-20-cv-01083-ADA, 2021 WL 6015526, at *4 (W.D. Tex. Nov. 5, 2021). IV cannot and does not dispute that the District of Massachusetts is the more convenient forum for most of HPE's willing witnesses. *See* Opp. IV tries to downplay the significance of Mr. Olson and Mr. Glade by dismissing their knowledge of SimpliVity as merely "historical." Opp. at 8. But Mr. Olson's knowledge is historical not because it is out of date but because he worked on SimpliVity for almost a decade, from 2011 to July 2020. *See* Opp., Ex. W (Olson Depo.) at 26-27. Mr. Olson's experience makes him "one of the most knowledgeable U.S.-based HPE engineers on the overall functionality of the data path." Ex. 2 (Olson Decl.) ¶ 4. IV also ignores Mr. Olson's testimony that, aside from himself and Mr. Glade, the U.S. employees most knowledgeable about SimpliVity are in Massachusetts and California. *See* Opp., Ex. W (Olson Depo.) at 28, 51.

IV's list of current Texas-based HPE employees relies primarily on LinkedIn profiles for employees whose connections to this case are tangential.[2] If unverified LinkedIn profiles carried any weight in the transfer analysis, HPE could easily compile a similar list—even a cursory search like the one IV did reveals dozens of current HPE employees in Massachusetts with SimpliVity experience, including engineers, sales directors, and technical marketing managers. *See* Ex. 10. Indeed, at least 45 employees that joined HPE from the SimpliVity acquisition still work in Massachusetts. Ex. V at 8. And of course, most of the Texas employees identified by IV live in or around Houston, not in this District, and therefore do not weigh against transfer.[3] *In re Toyota Motor Corp.*, 747 F.3d at 1340. The four in this District are not likely trial witnesses:

---

[2] IV frequently paraphrases these employees' job descriptions such that they bear little resemblance to the text of their LinkedIn profiles. *Compare* Ex. O at No. 40, *with* Ex. Q at 303. HPE did not identify these employees because they are not likely to be trial witnesses.

[3] IV misleadingly claims the SimpliVity "headquarters" is in Houston, but SimpliVity does not have a separate "headquarters." Rather, the center of gravity for SimpliVity is in Massachusetts.

three are inventors on an unrelated patent or are in sales, and the fourth, Mr. Verma, handled many products aside from SimpliVity and does not have detailed technical knowledge (let alone "unique" knowledge) regarding recent SimpliVity development. Ex. O, Nos. 16, 32, 33, 40.[4]

## V. The "All Other Practical Considerations" Factor Is Neutral.

HPE filed this motion when the case was in its early stages; only HPE's claim construction brief had been filed. The fact that the case has proceeded since then does not weigh against transfer. *In re Apple*, 979 F.3d 1332, 1343 (Fed. Cir. 2020).

## VI. The Public Interest Factors Favor Transfer Or Are Neutral.

There are no administrative difficulties that weigh against transfer. For this factor, courts must look at "the number of cases per judgeship and the actual average time to trial." *In re Juniper Networks, Inc.*, No. 2021-156, 2021 WL 4519889, at *3 (Fed. Cir. 2021). IV cites historical time to trial for patent cases but ignores the number of cases per judgeship. According to Docket Navigator, there are currently 876 active patent cases in this District and only 52 such cases in the District of Massachusetts. Ex. 11. The disparity in caseload easily offsets IV's time-to-trial statistics and renders this factor neutral.

The local interest factor also favors transfer. For this factor, IV ignores that HPE has a substantial facility in Andover, Massachusetts, that employs hundreds of employees. *See* Ex. 12. Moreover, the design and development of the SimpliVity solution happened Massachusetts, meaning Massachusetts, not Texas, has a local interest in this case. *See In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

---

[4] None of the 60+ employees HPE contacted identified these four as ever having worked with SimpliVity.

Dated: April 21, 2022

Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna (Bar No. 24043308)
**DLA PIPER LLP (US)**
303 Colorado St., Suite 3000
Austin, TX 78701
Telephone: (512) 457-7000
Facsimile: (512) 457-7001
john.guaragna@us.dlapiper.com

Dawn M. Jenkins (Bar No. 24074484)
**DLA PIPER LLP (US)**
1000 Louisiana Street, Suite 2800
Houston, TX 77002-5005
Telephone: (713) 425-8400
Facsimile: (713) 425-8401
dawn.jenkins@us.dlapiper.com

Sean C. Cunningham (*pro hac vice*)
Erin P. Gibson (*pro hac vice*)
Tiffany C. Miller (*pro hac vice*)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
sean.cunningham@us.dlapiper.com
erin.gibson@us.dlapiper.com
tiffany.miller@us.dlapiper.com

Jonathan H. Hicks (*pro hac vice*)
Brent K. Yamashita (*pro hac vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 833.2000
Facsimile: (650) 833.2001
jonathan.hicks@us.dlapiper.com
brent.yamashita@us.dlapiper.com

>Peter F. Nelson (*pro hac vice*)
>**DLA PIPER LLP (US)**
>500 8th Street NW
>Washington, D.C. 20004
>Telephone: (202) 799.4092
>Facsimile: (202) 799.5000
>peter.nelson@us.dlapiper.com
>
>**ATTORNEYS FOR DEFENDANT**
>**HEWLETT PACKARD ENTERPRISE**
>**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on April 21, 2022, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

>*/s/ John M. Guaragna*
>John M. Guaragna